OPINION
PER CURIAM.
Ronald G. Dandar appeals the District Court’s October 28, 2009, orders denying his motions for a preliminary injunction. For the reasons below, we will affirm.
In February 2008, Dandar filed a petition pursuant to 28 U.S.C. § 2254. In June 2008, the Commonwealth filed a response arguing that the District Court *252 lacked jurisdiction because the petition was second or successive. While the § 2254 petition was pending, Dandar filed several motions for injunctive relief.
On May 4, 2009, Dandar filed a motion for injunctive relief (docket entry # 40) in which he requested more time in the prison library. He then filed another motion (docket entry # 41) requesting the District Court to order prison officials to stop discriminating against him based on his handicap. The Magistrate Judge made an oral recommendation to deny the motions during a conference call. The District Court adopted the Oral Report and Recommendation and denied the motions (docket entry # 91). Dandar filed a notice of appeal which was docketed at C.A. No. 09-4381.
On May 22, 2009, Dandar filed a motion for injunctive relief (docket entry # 46) in which he complained that his Z code single-cell status was about to be rescinded. In a motion dated June 15, 2009, (docket entry # 50), Dandar complained that his Z code status had been rescinded and this violated his rights to due process. He also contended that he was denied use of handicapped cells and showers. The Magistrate Judge made an oral recommendation to deny the motions during a conference call. The District Court adopted the Oral Report and Recommendation and denied the motions (docket entry # 92). Dandar filed a notice of appeal which was docketed at C.A. No. 09-4382. He also filed a motion to consolidate the two appeals.
Dandar’s requests for injunctive relief challenge conditions of his confinement and are unrelated to his challenge to his criminal conviction. These claims can be properly raised in a complaint under 42 U.S.C. § 1983 after he has exhausted his administrative remedies. See Learner v. Fauver, 288 F.3d 532, 544 (3d Cir.2002) (“[Ujnless the claim would fall within the ‘core of habeas’ and require sooner release if resolved in the plaintiffs favor, a prison confinement action such as this is properly brought under § 1983.”); 42 U.S.C. § 1997e(a). Dandar cannot circumvent the filing fee requirements of 28 U.S.C. § 1915(b)(1) by filing these requests for injunctive relief within proceedings under § 2254. We note that Dandar has had three appeals or actions dismissed as frivolous, malicious, or for failure to state claim. See Dandar v. PA Board of Probation, 64 Fed.Appx. 850 (3d Cir.2003); Dandar v. PA Board of Probation, W.D.Pa. Civ. No. 00-cv-00327; and Dandar v. U.S. District Court, WJD.Pa. Civ. No. 00-cv-00186. Thus, he may not bring a civil action by proceeding in forma pawperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).
Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, we will summarily affirm the District Court’s order. See Third Circuit I.O.P. 10.6. To the extent Dandar requests that the appeals be consolidated in his motion dated December 18, 2009, it is granted. In all other respects, the motion is denied.